STORER v. HINKLEY AND THROOP, EXECUTORS OF HINKLEY,
DECEASED.

In case of joint merchants, each one hath an implied power to
contract for and bind the other, in the course of their business;
and if a note be given by one, in behalf of himself and partner,
or by the firm of the company, it is good against all:  So where
one of two joint merchants dies, and judgment is recovered
against the surviving partner, for a company debt, and he be-
comes a bankrupt before satisfaction is had, the executors of
the other may be compelled in chancery, to make satisfaction.

THIS was a petition in chancery.    The case was,— that
Charles Hinkley and Jabez West, being merchants in com-
pany, under the firm of Hinkley & West, became indebted
to the petitioner, for goods received to their joint use.    On
a settlement of the company accounts with the petitioner,
West executed to him a note, for the sum found due, under
the firm of the house, viz. Hinkley & West.    After this,
and before any payment made, the partnership of Hinkley
& West was dissolved, and the duty of settling the debts
of the company devolved upon West, who received the com-
pany's property for that purpose.    Hinkley, some time after,
died, leaving West the only surviving partner, who con-
tinued for several years able to discharge his debts; but be-
fore demand was made upon him by Storer, he became a
bankrupt, and absconded out of the state.— Storer, however,
commenced his suit against West, recovered judgment, and
had a return of *non est inventus*, upon his execution.

The petition suggested, that the petitioner was without
remedy at law, and prayed for a decree, that the executors
of Charles Hinkley (who died, leaving a large estate) should
be compelled to discharge said debt.

The respondents pleaded in abatement, in nature of a de-
murrer, upon which the following points were made:

It was urged, on the part of the respondents, that Storer,
having accepted of the note from West, signed and executed
by himself only, by the name of West & Hinkley, the de-

mand against the company thereby became settled and extinguished, and was fixed upon West solely: For that Hinkley, not having executed the note, and not being privy thereto, it was not his act, nor could he, or his executors, be obliged by it.  But,

The COURT resolved — That according to the custom of merchants, in case of copartners, and from the nature of the connection and business, each one hath an implied power to contract for and bind the other: And that a note given for a company debt, by one joint merchant, in the name of himself and partner, or by the firm of the company, is good against all.

It was further urged, on the part of the respondents — That the petition being brought against them, as executors, to subject their persons and property, in the first instance, to the payment of said debt, was contrary to the principles of law and equity; and that if the petitioner had any remedy against them for said debt, it was at law, and not in chancery.  But,

The COURT resolved — That the petitioner had no remedy against them at law; and that they being named, and proceeded against in the petition, as executors, the court would regard them as such in the decree; and therefore decreed, that the petitioner should recover of the respondents, in their capacity of executors, the sum of said debt, to be paid out of the estate of said deceased in their hands.

This judgment was afterwards affirmed in the Supreme Court of Errors.